OPINION
{¶ 1} This is an appeal of a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Security Fence Group. For the *Page 2 
reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On February 5, 2003, appellant, Bonnie Mills, and a co-worker, Ronald Gambrell, were working along a stretch of the I-75 median in Warren County when they were struck by a vehicle. Mills sustained serious permanent injuries and Gambrell died one week later as a result of injuries he sustained in the accident. At the time of the accident, Mills and Gambrell were acting as employees of Security Fence.
 {¶ 3} In 2003, the Ohio Department of Transportation (ODOT) hired Security Fence as the general contractor for a cable guardrail project to take place along a 14-mile portion of the I-75 median. The purpose of the project was to prevent frequent automobile accidents caused by cars crossing over the median into oncoming traffic. To execute the project, Security Fence employees were to install cable railing along the median, which would be connected to steel posts affixed to the ground. While workers installed posts and cable, construction vehicles were to surround them acting as a protective barrier against interstate traffic. Additionally, Security Fence was to complete the guardrail project in compliance with OSHA regulations and the "Plate C-12" traffic control plan from the Ohio Manual of Safety Control Devices which was approved by ODOT for the project.
 {¶ 4} Under the traffic control plan, Security Fence was to erect "Shoulder Work Ahead" signage, place traffic cones along the shoulder of the road, and otherwise comply with the provisions of the Ohio Manual of Safety Control Devices. On the day of the accident, Security Fence had not set out cones when the employees arrived to work on the project. While several employees had begun installing posts, Mills and Gambrell were instructed by their supervisor, Roy Wilhelm, to set out cones instead. Mills and Gambrell followed Wilhelm's truck, removing the cones from the truck and placing them along the shoulder of the road. As Wilhelm proceeded along the stretch of interstate, he maneuvered his truck into southbound traffic in order to pass a parked construction vehicle. A chain *Page 3 
reaction collision resulted when Wilhelm merged into the fast lane which culminated in a driver veering onto the shoulder. Once on the shoulder, the driver had to veer further left in order to avoid hitting a parked construction vehicle and subsequently struck Mills and Gambrell who were working in the median. The driver of the vehicle that struck Mills and Gambrell was ultimately found guilty of violating R.C. 4511.202, for failure to control.[1]
 {¶ 5} On January 13, 2005, Mills and appellant, Veronica Luce, Administratrix of the Estate of Ronald Gambrell, filed a complaint against Security Fence in the Warren County Common Pleas Court alleging that Security Fence committed an employer intentional tort. Security Fence subsequently moved for summary judgment arguing that appellants had failed to demonstrate the essential elements of an employer intentional tort. After reviewing the evidence, the trial court granted summary judgment in favor of Security Fence. Appellants made a timely appeal advancing a single assignment of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF SECURITY FENCE ON APPELLANTS' EMPLOYER INTENTIONAL TORT CLAIM."
 {¶ 8} In their assignment of error, appellants argue that the trial court erred by granting summary judgment to Security Fence because a genuine issue of material fact exists with respect to whether or not Security Fence was substantially certain that Mills and Gambrell would sustain injuries due to the lack of safety control devices in place before the start of work on the day of the accident, and the alleged deficiencies in the traffic control *Page 4 
safety plan.
 {¶ 9} Pursuant to Civ. R. 56(C), summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Welco Industires, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 346. In deciding whether there is a genuine issue of material fact, the evidence must be construed in favor of the nonmoving party. Hannah v. Dayton Power LightCompany, 82 Ohio St.3d 482, 485, 1998-Ohio-408. An appellate court reviews a trial court's grant of summary judgment de novo and therefore affords no deference to the trial court's decision. Miltenberger v. ExcoCompany, Butler App. No. CA98-04-087, 1998 WL 812910 at *3. Thus, we must review the facts presented and determine whether appellants have established a genuine issue of material fact as to whether Security Fence committed an employer intentional tort. In making that determination, it is essential to review the elements of an intentional tort claim.
 {¶ 10} The Ohio Supreme Court set forth the standard for employer intentional tort claims in Fyffe v. Jeno's Inc. (1991),59 Ohio St.3d 115.[2] In order to succeed in an intentional tort action against an employer, the plaintiff must show: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to *Page 5 
perform the dangerous task." Id. at paragraph one of the syllabus.
 {¶ 11} The level of proof required to establish an employer intentional tort is beyond that which is required to prove negligence or recklessness. Id. at paragraph two of the syllabus. "Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure, or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Id. Cases involving workplace intentional torts must be judged according to the specific facts and circumstances surrounding the incident.Gibson v. Drainage Prods., 95 Ohio St.3d 171, 2002-Ohio-2008, ¶ 27.
 {¶ 12} To establish a prima facie case of employer intentional tort, a plaintiff must prove all three elements of the Fyffe test. Pinkerton v.Thompson, Lorain App. No. 06CA008996, 2007-Ohio-6546, ¶ 30. Thus, if there is a finding that no genuine issue of material fact exists with respect to any one of the elements, it moots further discussion of the remaining elements. Id. Accordingly, because we find the second prong of the Fyffe test dispositive, we begin our analysis there.
 {¶ 13} In this case, the trial court found that summary judgment in favor of the employer was appropriate because appellants were unable to show that Security Fence had knowledge that such an accident was substantially certain to occur under the circumstances and therefore failed to satisfy the second element of the Fyffe test. The trial court found that the reckless decision of Wilhelm to merge into traffic with insufficient clearance combined with the driver's reckless failure to control the vehicle that hit Mills and Gambrell, created a *Page 6 
dangerous situation which could not have been anticipated by Security Fence when it directed Mills and Gambrell to work in the median on the day of the accident. The trial court further noted that to hold otherwise would render the employer liable under an intentional tort theory for all possible combinations of injury to its employees involved in highway construction, even though Security Fence was using a safety plan approved by ODOT.
 {¶ 14} With respect to the second element of the Fyffe test, an appellant must present evidence of a genuine issue of material fact as to whether the employer had knowledge that harm was substantially certain to occur. Appellants first argue that the OSHA citations issued subsequent to the accident prove that Security Fence had knowledge that such an accident would occur. Appellants cite this court's decision inMiltenberger in an attempt to bolster their argument that the OSHA violations amount to knowledge on the part of the employer that such injuries were substantially certain to occur. 1998 WL 812910 at *6. InMiltenberger, this court noted that in determining whether an employer has committed an intentional tort, a court may consider circumstantial evidence including a lack of prior accidents, undisputed past OSHA violations of the employer, OSHA violations connected to the accident at issue, and expert testimony going to the employer's knowledge. Id. This court further noted that no one factor is determinative to satisfy the second prong of the Fyffe test. Id.
 {¶ 15} In Miltenberger, this court was presented with evidence of OSHA violations in connection with the accident at issue, past OSHA violations, evidence of similar accidents, and expert testimony which all tended to show that reasonable minds could differ as to whether the employer was substantially certain that an injury would result from its failure to adhere to the OSHA regulations. Id. Appellants have presented no such evidence here. Specifically, appellants have failed to present evidence of any past OSHA violations or prior similar accidents which would be probative of knowledge on the part of the employer. In addition, the OSHA citations connected to the accident at issue were settled with no *Page 7 
admission of liability on the part of Security Fence.
 {¶ 16} Additionally, appellants argue that the trial court erred when it determined that the accident resulted from dangers inherent to highway construction work. Appellants contend that a genuine issue of material fact exists with respect to whether the accident was precipitated by a dangerous process or condition rather than an inherent danger incident to highway construction. However, because appellants have failed to establish the second prong of the Fyffe test, that Security Fence knew the accident would occur with substantial certainty, the issue is rendered moot. See Pinkerton, 2007-Ohio-6546 at ¶ 30.
 {¶ 17} In the case at bar, we agree with the trial court's conclusion that no genuine issues of material fact exist with respect to whether Security Fence committed an employer intentional tort. It is undisputed that Security Fence had never experienced a similar accident in its more than 40 years of existence. In fact, no employee of Security Fence had ever been struck by a vehicle when working on a highway or other roadway. Security Fence was executing the project in compliance with the safety control plan approved by ODOT. In sum, there is no evidence that Security Fence had any reason to anticipate the accident involving Mills and Gambrell with substantial certainty.
 {¶ 18} Appellants have failed to present proof beyond that which is required to prove recklessness or negligence, as is required to overcome a motion for summary judgment in an employer intentional tort claim. For the foregoing reasons, appellants' assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 19} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] According to an Ohio State Highway Patrol Trooper's investigation of the accident, the driver of the vehicle that struck Mills and Gambrell failed to maintain an assured clear distance between himself and the vehicle directly ahead. The investigating trooper further noted that if the driver would have allowed a greater distance between his vehicle and the vehicle in front of him, he would have been able to brake and therefore avoid swerving onto the shoulder altogether.
[2] For employer intentional tort claims arising after April 7, 2005, R.C. 2745.01 applies. Prior versions of Ohio employer intentional tort statutes were found unconstitutional by the Ohio Supreme Court. Because this accident occurred prior to the enactment of the current statute, the case is governed by the standard set forth in Fyffe. *Page 1